UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EXCLUSIVELY CATS VETERINARY
HOSPITAL, P.C.,
    Plaintiff,

v.                                                  Case No. 2:10-cv-10625-JCO-PJK
                                                 Hon. John C. O'Meara

THOMAS VETERINARY DRUG, INC.,
A/K/A THOMAS LABORATORIES,
    Defendant.

### DEFENDANT, THOMAS VETERINARY DRUG, INC.'S, MOTION FOR DISMISSAL PURSUANT TO FR CIV P 12(b)(1) RE: LACK OF SUBJECT MATTER JURISDICTION

NOW COMES defendant, Thomas Veterinary Drug, Inc., by and through its counsel, Harvey Kruse, P.C., and for its motion for dismissal pursuant to FR Civ P 12(b) hereby states and relies upon its brief accompanying this motion and exhibits appended thereto. Pursuant to E.D.Mich L.R. 7.1, there was a conference between counsel for the respective parties concerning the legal issues raised by defendant, concurrence was sought with respect to the request for relief and this concurrence was denied.

WHEREFORE, defendant, Thomas Veterinary Drug, Inc., by and through its counsel, Harvey Kruse, P.C., respectfully requests this Honorable Court enter an order dismissing plaintiff's action in its entirety and award defendant its fees and costs in having to defend this matter.

                                                          Respectfully submitted,
                                                          /s/John R. Prew_____
                                                          John R. Prew (P41891)
                                                          Harvey Kruse, P.C.
                                                          Attorney for Defendant
                                                          1050 Wilshire Drive, Suite 320
                                                          Troy, MI 48084

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EXCLUSIVELY CATS VETERINARY
HOSPITAL, P.C.
    Plaintiff,

v.                                                            Case No. 2:10-cv-10625-JCO-PJK
                                                            Hon. John C. O'Meara

THOMAS VETERINARY DRUG, INC.,
A/K/A THOMAS LABORATORIES
    Defendant.

**BRIEF IN SUPPORT OF DEFENDANT, THOMAS VETERINARY DRUG, INC.'S,
MOTION FOR DISMISSAL PURSUANT TO FR CIV P 12(b)(1) RE:
LACK OF SUBJECT MATTER JURISDICTION**

**TABLE OF CONTENTS**

ISSUE PRESENTED ........................................................................................................... iii

INDEX OF AUTHORITIES ............................................................................................... iv

I. INTRODUCTION ................................................................................................... 1

II. FACTS ..................................................................................................................... 1

III. STANDARD OF REVIEW ..................................................................................... 2

IV. APPLICATION OF LAW TO FACTS ................................................................... 2

V. CONCLUSION AND RELIEF SOUGHT .............................................................. 4

## ISSUE PRESENTED

I.    Should the plaintiff's case against defendant, Thomas Veterinary Drug, Inc., be dismissed where federal courts do not have federal-question jurisdiction over private claims brought under 47 U.S.C. § 227, The Telephone Consumer Protection Act?

    Plaintiff is expected to answer:    "No."
    Defendant's answer:    "Yes."
    This Court should answer:    "Yes."

# CONTROLLING AUTHORITIES

**Cases**

*APB Associates, Inc., et al., v. Bronco's Saloon, et al.,* Case No. 09-14959 (E.D. Mich. 3/4/2010) .................................................................................................................................... 3, 4

*Dun-Rite Construction, Inc. v. Amazing Tickets*, Inc., 2004 WL 3239533 (6th Cir. 2004)............. 3

*Erie Net, Inc. v. Velocity Net, Inc.* 156 F.3d 513 (3rd Cir. 1998) ...................................................... 3

*Foxhall Realty Law Office, Inc. v. Telepcomms. Premium Servs., Ltd.*, 156 F.3d 432 (2nd Cir. 1998)........................................................................................................................................ 3

*Int'l Science and Tech. Inst., Inc. v. Houston Stellar Corp.*, 131 F.3d 507 (5th Cir. 1997) ............ 3

*Murphy v. Lanier,* 204 F.3d 911 (9th Cir. 2000) ............................................................................. 3

*Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287 (11th Cir. 1998), modified in 140 F.3d 898 (11th Cir. 1998) ................................................................................................................... 3

**Statutes**

28 U.S.C. § 1331................................................................................................................................ 1

28 U.S.C. § 1332........................................................................................................................... 1, 3

47 U.S.C. § 227............................................................................................................................. 1-4

**Rules**

Federal Rule of Civil Procedure 12 ........................................................................................... 1, 2

**I.     INTRODUCTION**

Defendant, Thomas Veterinary Drug, Inc., a/k/a Thomas Laboratories, brings this motion to dismiss plaintiff's complaint where this Court lacks subject matter jurisdiction.  Plaintiff has claimed that this Court has federal question jurisdiction based on a federal statute, 47 U.S.C. § 227, i.e., The Telephone Consumer Protection Act ("TCPA").  Contrary to plaintiff's allegations, however, the TCPA provides a private right of action in state courts, which the majority of circuits, the Eastern District of Michigan and the Sixth Circuit Court of Appeals have determined does not vest this Court with jurisdiction.  As such, because plaintiff's claim may only be brought in state court, dismissal of this case pursuant to FR Civ P 12(b) is appropriate.

**II.    FACTS**

On February 12, 2010, plaintiff, Exclusively Cats Veterinary Hospital, P.C., a Michigan professional corporation, filed a class action complaint on behalf of itself and as the representative of a class of similarly situated persons against defendant, Thomas Veterinary Drug, Inc., a/k/a Thomas Laboratories.  *See* **Exhibit A**.  Plaintiff alleges that jurisdiction is appropriate under 28 U.S.C. § 1331 because the claim allegedly arises pursuant to a federal statute, 47 U.S.C. § 227, i.e., the TCPA.  Plaintiff also alleges that since it is a class action with more than $5,000,000 in controversy and more than two-thirds (2/3) of the class are alleged residents of states other than Michigan, jurisdiction is appropriate pursuant to 28 U.S.C. § 1332.

Plaintiff further alleges the defendant violated the TCPA by sending on October 7, 2006, an unsolicited advertisement to plaintiff's facsimile machine.  *Id*., para. 10.  Plaintiff alleges defendant has sent similar unsolicited facsimile advertisements to at least thirty-nine (39) other recipients.  *Id*., para. 12.  According to the complaint, the TCPA makes it unlawful to use any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a

telephone facsimile machine. *Id*., para. 21. Plaintiff further alleges that the TCPA provides a private right of action indicating that a person may, if otherwise permitted by the laws or rules of a court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this sub-section or the regulations prescribed under this sub-section to enjoin such violation,
(B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or
(C) Both such actions.

*Id*., para 23.

Irrespective of plaintiff's allegations, this Court lacks subject matter jurisdiction to hear this TCPA claim. State courts maintain exclusive jurisdiction over such private rights of action under the TCPA, and federal courts have a concomitant lack of jurisdiction to hear these private claims as recognized by a majority of circuit courts. As such, defendant moves this Court to dismiss plaintiff's claim pursuant to FR Civ P 12(b).

## III. STANDARD OF REVIEW

FR Civ P 12(b) states that every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. However, a party may assert the defense of lack of subject-matter jurisdiction by motion. *See* FR Civ P 12(b)(1). Further, this Rule requires that a motion asserting this defense must be made before pleading, if a responsive pleading is allowed. *See* FR Civ P 12(b). In lieu of filing an answer to the complaint, defendant has filed this motion for dismissal pursuant to FR Civ P 12(b)(1).

## IV. APPLICATION OF LAW TO FACTS

Here, this Court lacks subject matter jurisdiction. It is undisputed that the plaintiff's sole cause of action is predicated under the TCPA and any entitlement for damages would be pursuant to this statute. It is further undisputed that the plaintiff is a private actor seeking to

bring a claim pursuant to the TCPA in federal court when the statute clearly indicates that the maintenance of such an action is to be in state court, as opposed to federal court. Consistent with the statutory language, a majority of the circuit courts have recognized that a TCPA claim is to be brought in <u>state</u> court. *See Murphy v. Lanier,* 204 F.3d 911, 915 (9th Cir. 2000); *Erie Net, Inc. v. Velocity Net, Inc.* 156 F.3d 513, 519 (3rd Cir. 1998); *Foxhall Realty Law Office, Inc. v. Telepcomms. Premium Servs., Ltd.*, 156 F.3d 432, 434 (2nd Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287, 1289 (11th Cir. 1998), modified in 140 F.3d 898 (11th Cir. 1998); *Int'l Science and Tech. Inst., Inc. v. Houston Stellar Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); and *Dun-Rite Construction, Inc. v. Amazing Tickets*, Inc., 2004 WL 3239533 (6th Cir. 2004) (***Exhibit B***).

Recently, the Honorable Sean F. Cox in *APB Associates, Inc., et al., v. Bronco's Saloon, et al.,* Case No. 09-14959 (E.D. Mich. 3/4/2010) found that federal courts lack subject matter jurisdiction over a private cause of action brought pursuant to the TCPA. *See **Exhibit C***. Judge Cox, after examining the applicable law, dismissed basically an identical lawsuit brought by the same plaintiff's firm for lack of subject matter jurisdiction.[1] Judge Cox indicated as follows:

> Given the Sixth Circuit statements in *Dun-Rite Construction, Inc.,* along with the fact that the majority of the circuits that have addressed this issue **have concluded that Federal Courts do not have federal-question jurisdiction over private TCPA claims, this Court concludes that it does not have subject matter jurisdiction over this matter**. The Sixth Circuit, when ultimately presented with this issue, may disagree with the majority view. Based on the authority that currently exists today, however, **this**

---

[1] Reliance on 28 U.S.C. § 1332 as an alternative basis for jurisdiction is misplaced since the predicate for any claim is the TCPA, a claim where the state courts maintain jurisdiction, and thus, there is no subject matter jurisdiction. Further, this Court lacks diversity jurisdiction where the damages (40 recipients times $500 (greater amount potentially available)) equals $20,000.00, not the required $5,000,000.00. *See* 28 U.S.C. § 1332(d)(2). Since plaintiff cannot meet the requisite damage amount, diversity jurisdiction is lacking.

> **Court is not persuaded that it may exercise federal-question jurisdiction over this action**.

*See **Exhibit C***, p. 4 (emphasis added). As such, Judge Cox dismissed the matter for lack of subject matter jurisdiction.[2] *Id*.

Consistent with the majority of the circuit courts and Judge Cox's decision, plaintiff has failed to plead subject matter jurisdiction. Plaintiff's TCPA claim is not proper before this Court; rather, state court is the required forum. Accordingly, dismissal of plaintiff's complaint for lack of subject matter jurisdiction is appropriate.

## V.    CONCLUSION AND RELIEF SOUGHT

Defendant respectfully requests that this matter be dismissed for lack of subject matter jurisdiction since the plaintiff's sole claim is predicated upon the TCPA which does not provide for a private cause of action in federal court.

WHEREFORE, defendant, Thomas Veterinary Drug, Inc., by and through its counsel, Harvey Kruse, P.C., respectfully requests this Honorable Court enter an order dismissing plaintiff's action in its entirety and award defendant its fees and costs in having to defend this matter.

| CERTIFICATE OF SERVICE | Respectfully submitted, |
|---|---|
| I hereby certify that the foregoing pleading was electronically filed with the Clerk of the Court via the Electronic Case Filing system which will send notice of filing to all attorneys of record. | /s/ John R. Prew_____<br>John R. Prew (P41891)<br>jprew@harveykruse.com |
| */s/  John R. Prew*<br>_____ | Harvey Kruse, P.C.<br>Attorney for Defendant<br>1050 Wilshire Drive, Suite 320 |
| Dated:  May 18, 2010 | Troy, MI 48084<br>(248)  649-7800 |

---

[2] The *APB Associates, Inc.* case is presently on appeal to the Sixth Circuit of Appeals, Docket No. 10-1325.