UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXCLUSIVELY CATS VETERINARY
HOSPITAL, individually and as the representative
of a class of similarly situated persons,

Case No. 10-10625

Honorable John Corbett O'Meara

    Plaintiff,

v.

THOMAS VETERINARY DRUG, INC., a/k/a
THOMAS LABORATORIES,

    Defendant.
                                        /

## OPINION AND ORDER
## GRANTING DEFENDANT'S MAY 18, 2010 MOTION TO DISMISS

This matter came before the court on the May 18, 2010 motion to dismiss filed by defendant Thomas Veterinary Drug, Inc. Plaintiff Exclusively Cats Veterinary Hospital ("Hospital") filed a response June 15, 2010; and Defendant filed a reply June 29, 2010. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

### BACKGROUND FACTS

Plaintiff Hospital, as the representative of a class of similarly situated persons, filed suit February 12, 2010, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that "Defendant sent by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine." Compl. at ¶ 10. Plaintiff further alleged that "Defendant has sent similar unsolicited facsimile advertisements to at least 39 other recipients." Comp. at ¶ 12.

The complaint asserts that the court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 "since there is more than $5,000,000.00 in controversy and more than two-thirds (2/3) of the class are residents of states other than Michigan." Compl. at ¶ 14. The "Facts" section of the complaint, however, alleges that similar unsolicited facsimile advertisements have been sent to only "at least 39 other recipients." Compl. at ¶ 12. The complaint further alleges that the court has jurisdiction under 28 U.S.C. § 1331 because the claim arises pursuant to the TCPA, a federal statute. Defendant Hospital filed a motion to dismiss based on lack of subject matter jurisdiction.

## LAW AND ANALYSIS

The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ." 47 U.S.C. § 227(b)(1). The Act provides that a private right of action may be brought in any state court if otherwise permitted by the laws or rules of the state court. This court, as well as nearly every federal court that has so far addressed the issue, has held that no federal question subject matter jurisdiction exists. APB Assocs, Inc. v. Bronco's Saloon, No. 09-14959 (E.D. Mich. March 4, 2010).[1]

In this case Plaintiff argues that the court has jurisdiction pursuant to the Class Action Fairness Act, which provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). However, Plaintiff's complaint alleges that "Defendant has sent similar unsolicited facsimile advertisements to at least 39 other recipients." Compl. at ¶ 12. The

---

[1] This case is currently on appeal at the United States Court of Appeals for the Sixth Circuit.

statute provides for damages in the amount of $500 for each violation. Even if the court were to use its discretion to impose treble damages, the amount in controversy alleged would be only $60,000 ($1500 times 40 violations)–an amount far less than the $5 million required under the CAFA.

Furthermore, the CAFA requires that there be more than 100 members of the class to establish jurisdiction. 28 U.S.C. § 1132(d)(5(B). Plaintiff's complaint alleges a total of 40 members of the class. Finally, courts have opined that class action under the TCPA may be invalid. See Freedman v. Advanced Wireless Cellular Commc'ns, Inc., 2005 WL 2122304, at *2 (N.J. Super. 2005). For all these reasons, the court will grant Defendant's motion to dismiss for lack of jurisdiction.

## **ORDER**

It is hereby **ORDERED** that Defendant's May 18, 2010 motion to dismiss is **GRANTED.**


      s/John Corbett O'Meara
      United States District Judge

Date: September 15, 2010


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 15, 2010, using the ECF system and/or ordinary mail.

      s/William Barkholz
      Case Manager